IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:06-cr-00001-MP-AK

JOEL ACEVEDO,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 16, Motion for Psychiatric Exam by Joel Acevedo. A hearing was held on February 17, 2006. As stated during the hearing, the Court finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Accordingly, a psychiatric examination of the defendant is required to determine his mental competency; it is hereby

**ORDERED AND ADJUDGED:**

1. The trial in this case, currently set for Tuesday, March 7, 2006, is continued and will be reset by separate notice.

2. A psychiatric examination of the defendant shall be conducted and a psychiatric report filed, pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and 4247(c), and containing the following information:

    a. the defendant's history and present symptoms;
    b. a description of the psychiatric, psychological and medical tests that were employed and their results;
    c. the examiner's findings; and
    d. the examiner's opinion as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings

      against him or to assist properly in his defense.

3. Pursuant to 18 U.S.C. § 4247(b), the defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility in accordance with the guidelines established by 18 U.S.C. § 4247(i).  The period of commitment is for such period of time as needed to fulfill the requirements of this order, but not to exceed thirty days.  The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day the defendant arrives at the facility for evaluation.

4. The United States Marshal is directed to transport the defendant to the designated facility at the earliest possible time and in the most expeditious manner for this evaluation.

5. The Government shall keep the Court and the defendant's lawyer, Tom Miller, apprised of the status of the defendant's examination.

6. The clerk is directed to provide a certified copy of this order to the United States Marshal's Office in Gainesville, Florida.  The clerk shall also forward to the examiner the medical records supplied to the Court by Tom Miller.

**DONE AND ORDERED** this _28th_ day of February, 2006

          *s/Maurice M. Paul*
          Maurice M. Paul, Senior District Judge